**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jack Kelly,** | ) | **CASE NO. 1:07 CV 2856** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Julius Wilson, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 12) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Jack Kelly, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner has failed to file objections to the Report and Recommendation.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation."  When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**Discussion**

The Petition asserts five grounds for relief.  The Magistrate Judge determined that Ground One was defaulted because petitioner never fairly presented a federal speedy trial claim to the Ohio courts.  Nor did petitioner allege that the state speedy trial ruling resulted in a fundamentally unfair trial.  The Magistrate Judge found Ground Four to be procedurally defaulted because petitioner did not raise it before any state court.  Alternatively, this ground was considered as part of petitioner's ineffective assistance of appellate counsel claim, and found to be without merit.  The Magistrate Judge reviewed Grounds Two (challenging the denial of his motion for the disclosure of grand jury minutes), Three (sufficiency of the evidence) and Five (ineffective assistance of appellate counsel) and found them to be without merit.  This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and, having found no clear error, completely adopts his factual and legal conclusions as its own and incorporates them herein by reference.

**Conclusion**

Accordingly, for the reasons set forth in the Magistrate Judge's Report and

Recommendation, the Petition for Writ of Habeas Corpus is denied.

Furthermore, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c) provides:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong." *Id.* at 484. In instances where a claim is procedurally defaulted, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

3

For the reasons stated in the Report and Recommendation, the Court does not find that petitioner has satisfied this showing. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                      /s/ Patricia A. Gaughan
                                      PATRICIA A. GAUGHAN
                                      United States District Judge

Dated: 1/26/09